WILLIAM B. PERRY ET AL v. SUMRALL LUMBER COMPANY.

[49 South. 263.]

PAYMENT. *General agent. Corporations. Bank check. Endorsement.*

The price of property purchased from a corporation may be paid by the purchaser to its general agent, through whom it acted in making the sale, where the purchaser had no notice of a limitation on the agent's authority denying him the right to collect.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

The Sumrall Lumber Company, appellee, was plaintiff in the court below; Perry and another, appellants, were defendants there. From a judgment in plaintiff's favor the defendants appealed to the supreme court.

The action was in assumpsit for the value of lumber sold by the plaintiff to the defendants. The sale was made by the

plaintiff, a corporation, acting by and through its agent, one Smith. Smith received a part of the purchase price from the defendants in a check drawn by them on a bank, made payable to the order of the corporation. Smith endorsed the check, in the name of the corporation, and collected the money due thereon, but failed to account to the company therefor. The balance of the purchase price was paid by the defendants to the company and was received by an agent whose authority to receive it was not disputed. The defendants pleaded payment. The plaintiff denied the payment to the extent of the sum of money received by Smith, and the question litigated was the authority of Smith to receive payment for lumber which he was authorized to sell. The plaintiff claimed that Smith's authority was a limited one and that he was not authorized to collect for the company. The defendants had no knowledge of any limitation on Smith's authority until after the payment had been made, and the testimony showed that he was permitted by the company to act as its general agent.

*Hearst & Haney* and *Alexander & Alexander,* for appellant.

We feel sure that the court which gave the peremptory instruction against the defendant and held that payment to the general manager was not authorized was misled by one line of cases approved in our state. In *Fairly v. Nash,* 70 Miss. 193, 12 South. 149, it was held that the general agent in charge of a mercantile business has no authority in the absence of express power to make and endorse commercial paper for the principal. Such rule, which is not controverted, has no application to the facts in this case. The fact that payment according to custom was made by a check payable to the principal, the Sumrall Lumber Company, which the general manager endorsed in the name of the company, seems to have led the court and counsel to view the case as one which turned on the power of an agent to make or endorse commercial paper instead of the simple power of a general manager of a company to collect for a bill which he himself sold.

Smith was general manager without any express limitation on his power; he had authority to make sales and did sign checks for the company. Even after he was made foreman of the mill, the president says he was "manager on the practical side." We do not know of any business which is more practical than selling lumber and collecting money for it.

It ought not to need any citation of authorities that a corporation, which can only act through agents, and whose president is often not active but merely honorary, is bound by the act of its general manager, especially in attending to the usual current business of the corporation. The words *ex vi termini* import that such an agent is manager, and that the scope of the "management" is "general."

The rule is universal that a general agent for the management of a business has an authority coextensive with the scope of the business. He possesses and exercises the same authority that his principal could were he present. 1 Am. & Eng. Ency. of Law, 1022.

*Stevens, Stevens & Cook,* for appellee.

It is shown by the testimony of all the witnesses, including appellants themselves, that all the lumber on the order in question had not been manufactured, and according to the testimony of the appellants, the price of the lumber would not be due until sixty days after it was actually shipped; and it usually took sixty days after it was manufactured in which to dry before it was shipped. In the nature of things, therefore, the check which was turned over to Smith could have been considered in no otherwise than as a loan. It was not in payment of a debt, for the debt had not yet come into existence. The endorsement on the check in these words, "check is advance on 150,000 feet of Dck $12, pr m now on sticks at mill" settles that. In fact appellants fully admit that the check was an advancement or loan. It is not true, therefore, that it is a question as to whether Smith, as general manager, had authority *to collect*

*money* in payment of a debt, as opposing counsel puts it, because the check must be considered as a loan or advancement and not the payment of a debt.

Nor is it true, as opposing counsel assumes, that "there is no evidence or showing that there was any limitation on Smith's authority as general manager, express or implied, except such as the law itself may place upon a general manager." Stevens testified that Smith did not have authority to collect money or to procure an advancement even while he was general manager, nor to endorse checks, nor to issue them, nor to accept them; though there were temporary arrangements for him to issue checks with the president's "O. K."

An agent, having general authority to manage his principal's business has, by virtue of his employment, no implied authority to bind his principal by making, accepting or endorsing negotiable paper. *Fairly v. Nash,* 70 Miss. 193, 12 South. 149.

Persons who deal with the agent or supposed agent of another must learn the scope of his authority, or act at their own peril. *Busby v. Yazoo, etc., R. Co.,* 90 Miss. 13, 43 South. 1; *McLemore v. Hawkins,* 46 Miss. 715; *Dozier v. Freeman,* 47 Miss. 647; *Everman v. Herndon,* 71 Miss. 823, 15 South. 135; *Brown v. Johnson,* 12 Smed. & M. 398; *Kinnary v. Gregory,* 55 Miss. 612; *Railroad Co. v. Cocke,* 64 Miss. 713, 2 South. 495; 1 Am. & Eng. Ency. of Law, 987.


MAYES, J., delivered the opinion of the court.

On the facts of this case as the record now exists, a peremptory instruction should have been given in favor of appellants, and not against them. Whatever may have been the actual relation of Smith to the Sumrall Lumber Company at the time of the acceptance of the check and conversion of the proceeds thereof, the scope and character of the business which the Sumrall Lumber Company had allowed Smith to conduct for it fully warranted any one dealing with him, without knowledge of his actual relations, in believing that he had authority

to collect for as well as sell lumber. In short, as to the public at the time Perry and Causey paid the amount due by them to the lumber company, Smith was the general agent, acting within the usual and ordinary scope of the business which it is usual for the general manager of a corporation to conduct. The change of his relation to the company was not published until ten days after he had received and converted the money paid by appellants, which they had paid in good faith and without any negligence on their part.

*Reversed and remanded.*